# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,** 455 Massachusetts Ave., N.W. Washington, D.C. 20001  Plaintiff,  v.  **U.S. DEPARTMENT OF THE TREASURY,** 1500 Pennsylvania Ave., N.W. Washington, D.C. 20220  Defendant. | Civil Action No. |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for injunctive, declaratory, and other appropriate relief. Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") challenges the failure of the U.S. Department of the Treasury ("Treasury Department") to respond to its expedited request for disclosure of records related to Treasury Secretary Steven Mnuchin's use of a government plane to travel with his wife to Lexington, Kentucky, as well as records related to any other use by Secretary Mnuchin of a government plane for travel since his appointment as Treasury Secretary.

2. This case seeks declaratory relief that the Treasury Department is in violation of the FOIA, 5 U.S.C. § 552(a)(6)(E)(i), for failing to respond to CREW's expedited request for records and for injunctive relief ordering defendant Treasury

Department to process and release to CREW immediately the requested records in their entirety.

## Jurisdiction and Venue

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). The Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

4. Plaintiff CREW is a non-profit, non-partisan organization organized under section 501(c)(3) of the Internal Revenue Code. CREW is committed to protecting the rights of citizens to be informed about the activities of government officials and agencies, and to ensuring the integrity of government officials and agencies. CREW seeks to empower citizens to have an influential voice in government decisions and in the government decision-making process through the dissemination of information about public officials and their actions. To advance its mission, CREW uses a combination of research, litigation, and advocacy. As part of its research, CREW uses government records made available to it under the FOIA.

5. Defendant Treasury Department is an agency within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 701. Defendant has possession and control of the requested records and is responsible for fulfilling plaintiff's FOIA request.

## Statutory and Regulatory Background

6. The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

7. An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination of which of the requested records it will release, which it will withhold and why, and the requester's right to appeal the determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

8. The FOIA also requires agencies to promulgate regulations that provide for expedited processing of FOIA requests where the requester demonstrates a "compelling need" as well as "other cases determined by the agency." 5 U.S.C. § 552(a)(6)(E)(i). The FOIA defines "compelling need" to include requests "made by a person primarily engaged in disseminating information" where there is an "urgency to inform the public concerning actual or alleged Federal Government activity." *Id.* at § 552(a)(6)(E)(v)(II).

9. Agencies are required to make a determination on a request for expedition within 10 calendar days "after the date of the request." 5 U.S.C. § 552(a)(6)(E)(ii)(I). Treasury Department regulations mirror this requirement, directing that a determination to grant or deny a request for expedition "shall be made, and the requester notified, within 10 calendar days of the date of the request." 31 C.F.R. § 1.5(e)(4).

10. An agency's failure to respond within 10 calendar days to a request for expedition is subject to judicial review without exhausting administrative remedies. 5 U.S.C. § 552(a)(6)(E)(iii).

11. Agency decisions to deny or affirm denial of a request for expedition are subject to judicial review "based on the record before the agency at the time of the determination." 5 U.S.C. § 552(a)(6)(E)(iii).

**Factual Background**

12. On August 21, 2017, Secretary Mnuchin and his wife Louise Linton, a private citizen, travelled to Lexington, Kentucky. The purported purpose of the trip was for the Secretary, along with Senate Majority Leader Mitch McConnell, to present remarks at a luncheon sponsored by Greater Louisville Inc., the Louisville chamber of commerce.

13. After the luncheon, Secretary Mnuchin and his wife went to Fort Knox, where it was reported that they toured the bullion reserve at the Army post and viewed the solar eclipse. Fort Knox was just outside the path of the eclipse's totality.

14. The trip set off a public firestorm when Secretary Mnuchin's wife posted on Instagram a photo of herself deplaning from a government aircraft dressed from head to toe in luxury brands, which she identified by designer name and tagged on her Instagram image. In response to a comment on the post, Ms. Linton snapped back in a post that was highly critical of the commenter and defended her lavish lifestyle and the government-paid trip.

15. On August 23, 2017, CREW sent a FOIA request by facsimile to the Treasury Department's FOIA Requester Center requesting two categories of records: (1) copies of all records concerning authorization for and the costs of Secretary Mnuchin's use of a government plane for his August 21 trip to Lexington, Kentucky, and (2) copies of all records concerning authorization for and the costs of the Secretary's use of a

government plane for any purpose since his appointment as Treasury Secretary. The facsimile cover sheet indicates the transmission of the request was successful.

16. CREW sought a waiver of fee associated with processing its request. CREW explained the requested records likely will shed light on the justification for Secretary Mnuchin's use of a government plane, rather than a commercial flight, for a trip that seems to have been planned around the solar eclipse and to enable the Secretary to secure a viewpoint closer to the path of the eclipse's totality. CREW noted that at a time of expected deep cuts to the federal budget, the taxpayers have a significant interest in learning the extent to which Secretary Mnuchin has used government planes for travel in lieu of commercial planes, and the justification for that use.

17. CREW also sought expedition of its request because the subject matter is of widespread and exceptional media interest and the requested information involves possible questions of the government's integrity that affect public confidence. As CREW explained, the American public, which will bear the brunt of the tax policy Secretary Mnuchin is spearheading, has an urgent need for information about the policy's key co-architect, especially given the anticipated timeframe within which that tax policy is likely to be considered and debated in Congress.

18. To date, CREW has not received any response from the Treasury Department to its request for expedition, or to the FOIA request itself, despite the FOIA's requirement that agencies make a determination whether to grant a request for expedition within ten calendar days of its receipt. The Treasury Department has not even acknowledged receiving CREW's request.

19. CREW has now exhausted all applicable administrative remedies.

## PLAINTIFF'S CLAIMS FOR RELIEF

### CLAIM ONE
(Failure to Grant Expedition)

20. Plaintiff repeats and re-alleges paragraphs 1-19.

21. Plaintiff properly asked that the Treasury Department expedite the processing of plaintiff's FOIA request, which sought agency records within the custody and control of the Treasury Department, demonstrating widespread and exceptional media interest in the requested information, which involves possible questions of the government's integrity that affect public confidence.

22. Defendant Treasury Department failed to comply with the statutory time limit for making a determination on expedited FOIA requests, and failed to grant CREW's request for expedition.

23. Plaintiff has exhausted all applicable administrative remedies with respect to defendant's failure to make a determination on plaintiff's request for expedition.

24. Plaintiff therefore is entitled to injunctive and declaratory relief with respect to the immediate and expedited processing and disclosure of the requested records.

### Requested Relief

WHEREFORE, plaintiff respectfully requests that this Court:

(1) Order defendant Treasury Department to immediately and fully process plaintiff's August 23 expedited FOIA request and disclose all non-exempt documents immediately to plaintiff;

(2) Issue a declaration that plaintiff is entitled to immediate processing and disclosure of the requested records;

(3)   Provide for expeditious proceedings in this action;

(4)   Retain jurisdiction of this action to ensure no agency records are wrongfully withheld;

(5)   Award plaintiff its costs and reasonable attorneys' fees in this action; and

(6)   Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Anne L. Weismann
Anne L. Weismann
(D.C. Bar No. 298190)
Adam J. Rappaport
(D.C. Bar No. 479866)
Citizens for Responsibility and Ethics
   in Washington
455 Massachusetts Ave., N.W.
Washington, D.C. 20001
Phone: (202) 408-5565
Facsimile: (202) 588-5020

Dated: September 11, 2017          *Attorneys for Plaintiff*